UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>RAYMOND URSO,<br>BERNARD KOENIG, a/k/a<br>    Bernie King,<br>MARCIA KOENIG,<br>DAVID BENNETT,<br>JEFFREY SHOOBS,<br>SCOTT GUNN, a/k/a<br>    Scott Goodson, a/k/a Scott Gates,<br>SUSAN PERKINS,<br><br>BRIDGEPORT & ASSOCIATES, INC.,<br>    a Florida corporation;<br><br>PRESTIGE ADVERTISING, INC.,<br>    d/b/a Prestige Fragrances, Inc.<br>    a Florida corporation;<br><br>NATIONAL BUREAU OF BETTER BUSINESS, INC.,<br>    a Florida corporation;<br><br>MARIA K ASSOCIATES, INC.,<br>    a Florida corporation,<br><br>    Defendants. | 97-2680<br><br>CIV-UNGARO-BENAGES<br>-CIV-<br>Case No. MAGISTRATE<br>    BANDSTRA<br><br><br><br><br>COMPLAINT FOR<br>PERMANENT<br>INJUNCTION AND<br>AND OTHER<br>EQUITABLE RELIEF |

Plaintiff, the Federal Trade Commission ("FTC" or "the Commission"), for its complaint alleges:

1

1. The FTC brings this action under Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, to secure preliminary and permanent injunctive relief, rescission of contracts, restitution, disgorgement, appointment of a receiver, and other equitable relief for defendants' violations of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the FTC's Trade Regulation Rule entitled "Disclosure Requirements and Prohibitions Concerning Franchising and Business Opportunity Ventures" ("Franchise Rule"), 16 C.F.R. § 436.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337(a) and 1345, and 15 U.S.C. §§ 53(b) and 57b.

3. Venue in the United States District Court for the Southern District of Florida is proper under 28 U.S.C. §§ 1391(b) and (c), and 15 U.S.C. § 53(b).

## PLAINTIFF

4. Plaintiff, FTC, is an independent agency of the United States Government created by statute. 15 U.S.C. §§ 41 et seq. The FTC is charged, inter alia, with enforcement of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), which prohibits unfair or deceptive acts or practices in or affecting commerce, as well as enforcement of the Franchise Rule, 16 C.F.R. § 436. The FTC is authorized to initiate federal district court proceedings to enjoin violations of the FTC Act in order to secure such equitable relief as may be appropriate in each case, and to obtain consumer redress. 15 U.S.C. §§ 53(b) and 57b.

## **DEFENDANTS**

5. Defendant RAYMOND URSO is an officer, director, manager, or principal owner of one or more of the corporate defendants. He has portrayed himself as president of corporate defendant BRIDGEPORT & ASSOCIATES, INC. ("BRIDGEPORT"), and as an officer of corporate defendant NATIONAL BUREAU OF BETTER BUSINESS, INC. ("NBBB"). At all times material to this complaint, acting alone or in concert with others, he has formulated, directed, controlled or participated in the deceptive acts and practices set forth in this complaint. He resides and transacts business in the Southern District of Florida.

6. Defendant BERNARD KOENIG, a/k/a Bernie King, is an officer, director, manager, or principal owner of one or more of the corporate defendants. At all times material to this complaint, acting alone or in concert with others, he has formulated, directed, controlled or participated in the deceptive acts and practices set forth in this complaint. He resides and transacts business in the Southern District of Florida.

7. Defendant MARCIA KOENIG is an officer, director, manager, or principal owner of one or more of the corporate defendants. She has portrayed herself as the corporate Secretary of defendant BRIDGEPORT and as president of corporate defendant PRESTIGE ADVERTISING, INC. ("PRESTIGE"). She is president and sole director of corporate defendant MARIA K ASSOCIATES, INC. ("MARIA K"). At all times material to this complaint, acting alone or in concert with others, she has formulated, directed, controlled or participated in the deceptive acts and practices set forth in this complaint. She resides and transacts business in the Southern District of Florida.

8. Defendant DAVID BENNETT is an officer, director, manager, or principal owner of one or more of the corporate defendants. He has been an employee of corporate defendant BRIDGEPORT and has portrayed himself as president of corporate defendant NBBB. At all times material to this complaint, acting alone or in concert with others, he has formulated, directed, controlled or participated in the deceptive acts and practices set forth in this complaint. He resides and transacts business in the Southern District of Florida.

9. Defendant JEFFREY SHOOBS is an officer, director, manager, or principal owner of one or more of the corporate defendants. He has been an employee of corporate defendant BRIDGEPORT and has portrayed himself alternatively as director of marketing or as president of corporate defendant PRESTIGE. At all times material to this complaint acting alone or in concert with others, he has formulated, directed, controlled or participated in the deceptive acts and practices set forth in this complaint. He resides and transacts business in the Southern District of Florida.

10. Defendant SCOTT GUNN, a/k/a Scott Goodson, a/k/a Scott Gates, is a telemarketer for one or more of the corporate defendants. At all times material to this complaint, acting alone or in concert with others, he has participated in the deceptive acts and practices set forth in this complaint. He resides and transacts business in the Southern District of Florida.

11. Defendant SUSAN PERKINS is a "singer" engaged in the deceptive conduct described below. As a singer she pretends to have purchased a business opportunity sold by the corporate defendants and lies to potential victims about profits she has made operating one of their business opportunities. At all times material to this complaint, acting alone or in concert with others, she has participated in the deceptive acts and practices set forth in this complaint.

She resides in Staten Island, New York, and transacts or has transacted business in the Southern District of Florida.

12. Defendant BRIDGEPORT is a Florida corporation with its principal place of business at 12000 Biscayne Boulevard, N. Miami, Florida. Bridgeport transacts or has transacted business in the Southern District of Florida.

13. Defendant PRESTIGE is Florida corporation with its principal place of business at 12000 Biscayne Boulevard, N. Miami, Florida. Prestige transacts or has transacted business in the Southern District of Florida.

14. Defendant NBBB is a Florida corporation with its principal place of business at 12000 Biscayne Boulevard, N. Miami, Florida, or at 1100 N.E. 125th Street, N. Miami, Florida. NBBB transacts or has transacted business in the Southern District of Florida.

15. Defendant MARIA K is a Florida corporation with its principal place of business at 924 N.E. 26th Avenue, Hallandale, Florida. MARIA K transacts or has transacted business in the Southern District of Florida.

16. At all times material to the complaint, the corporate defendants have acted as a common enterprise. The corporate defendants share officers, employees, offices, and a common goal to deceive the public into purchasing business opportunities.

## COMMERCE

17. At all times material to this complaint, the defendants have maintained a substantial course of trade, in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

direct control and supervision of individual defendant RAYMOND URSO and one of his former employees at BRIDGEPORT, individual defendant DAVID BENNETT.

## VIOLATIONS OF SECTION 5 OF THE FTC ACT

22. Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), provides that "unfair or deceptive acts or practices in or affecting commerce are hereby declared unlawful."

### COUNT ONE

23. To induce consumers to purchase business opportunities, defendants RAYMOND URSO, BERNARD KOENIG, MARCIA KOENIG, DAVID BENNETT, JEFFREY SHOOBS, SCOTT GUNN, BRIDGEPORT, PRESTIGE, NBBB, and MARIA K have misrepresented, expressly or by implication, numerous material facts about those business opportunities, including but not limited to the following:

   a. the earnings or income level purchasers can reasonably expect to achieve;

   b. the authenticity of the references given by the defendants; and

   c. the availability and profitability of locations in a particular geographic area.

24. By making the material misrepresentations set forth in Paragraph 23, the defendants named in Paragraph 23 have engaged in deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

### COUNT TWO

25. To induce consumers to purchase business opportunities, defendants RAYMOND URSO, BERNARD KOENIG, MARCIA KOENIG, DAVID BENNETT, JEFFREY SHOOBS, SCOTT GUNN, BRIDGEPORT, PRESTIGE, NBBB, and MARIA K have misrepresented, expressly or by implication, that defendant NBBB is an independent organization that provides

objective and reliable reports that accurately describe their members' business practices. In truth and in fact, NBBB is owned or controlled by the same individual defendants that own and control defendants BRIDGEPORT and PRESTIGE. NBBB is used to provide a false aura of legitimacy to the deceptive scheme.

26. By making the material misrepresentations set forth in Paragraph 25, the defendants named in Paragraph 25 have engaged in deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## COUNT THREE

27. To induce consumers to purchase business opportunities, defendant SUSAN PERKINS has misrepresented, expressly or by implication, numerous material facts about the business opportunity, including, but not limited to, the following:

    a. that she had purchased a BRIDGEPORT business opportunity;

    b. that she had purchased a PRESTIGE business opportunity; and

    c. that she earned, and was continuing to earn, a substantial income with those business opportunities.

28. By making the material misrepresentations set forth in Paragraph 27, defendant SUSAN PERKINS has engaged in deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## THE FRANCHISE RULE

29. The Franchise Rule, which became effective on October 21, 1979, under Section 18 of the FTC Act, 15 U.S.C. § 57a, has since that date remained in full force and effect. It requires a franchisor to provide prospective franchisees with a complete and accurate

basic disclosure statement containing twenty categories of information, including information about the history of the franchisor and the names and addresses of other franchisees. 16 C.F.R. §§ 436.1(a)(1) - (a)(20). Disclosure of this information enables a prospective franchisee to assess any potential risks involved in the purchase of the franchise.

30. The Franchise Rule additionally requires that: 1) the franchisor give prospective franchisees a document disclosing the material basis (or the lack of such a basis) for any oral written or visual earnings or profit representations it makes to a prospective franchisee, 16 C.F.R. §§ 436.1(b)-(e); and 2) that the franchisor, in immediate conjunction with any generally disseminated earnings claim, disclose the number and percentage of prior purchasers shown to have earned as much or more than the amount claimed, and include a warning that the earnings claim is only an estimate. 16 C.F.R. §§ 436.1(e)(3)-(4).

31. Pursuant to Section 18(d)(3) of the FTC Act, 15 U.S.C. § 57a(d)(3), and 16 C.F.R. § 436.1, violations of the Franchise Rule constitute unfair or deceptive acts or practices in or affecting commerce, in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

32. The business opportunities sold by the defendants are franchises, as "franchise" is defined in Section 436.2(a) of the Franchise Rule, 16 C.F.R. § 436.2(a).

## VIOLATIONS OF THE FRANCHISE RULE

### COUNT FOUR

33. In numerous instances, in connection with the offering and promotion of franchises, as "franchise" is defined in the Franchise Rule, 16 C.F.R. § 436.2(a), defendants

9

RAYMOND URSO, BERNARD KOENIG, MARCIA KOENIG, JEFFREY SHOOBS, DAVID BENNETT, BRIDGEPORT, PRESTIGE, NBBB, and MARIA K have failed to provide prospective franchisees with accurate and complete disclosure documents within the time period required by the Franchise Rule, thereby violating Section 436.1(a) of the Rule, 16 C.F.R. § 436.1(a), and Section 5 of the FTC Act, 15 U.S.C § 45.

## COUNT FIVE

34. In numerous instances, in connection with the offering and promotion of franchises, as "franchise" is defined in the Franchise Rule, 16 C.F.R. § 436.2(a), defendants RAYMOND URSO, BERNARD KOENIG, MARCIA KOENIG, JEFFREY SHOOBS, DAVID BENNETT, BRIDGEPORT, PRESTIGE, NBBB, and MARIA K have made earnings claims within the meaning of the Franchise Rule, 16 C.F.R. §§ 436.1(b)-(e), but have failed to provide prospective franchisees with the earnings claim document required by the Franchise Rule or have failed to disclose the information required by the Franchise Rule in immediate conjunction with the claims, thereby violating Sections 436.1(b)-(e) of the Rule, 16 C.F.R. §§ 436.1(b)-(e), and Section 5 of the FTC Act, 15 U.S.C. § 45(a).

## CONSUMER INJURY

35. Consumers in many areas of the United States have suffered substantial monetary loss as a result of defendants' unlawful acts or practices. Absent injunctive relief by this Court, defendants are likely to continue to injure consumers and harm the public interest.

## THIS COURT'S POWER TO GRANT RELIEF

36. Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), empowers this Court to grant injunctive and other ancillary relief, including redress, disgorgement and restitution, to prevent and remedy any violations of any provision of law enforced by the FTC.

37. Section 19 of the FTC Act, 15 U.S.C. § 57b, authorizes this Court to grant such relief as the Court finds necessary to redress injury to consumers or other persons resulting from defendants' violations of the Franchise Rule, including the rescission and reformation of contracts, and the refund of money.

38. This Court, in the exercise of its equitable jurisdiction, may award other ancillary relief to remedy injury caused by the defendants' law violations.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff requests that this Court, as authorized by Sections 13(b) and 19 of the FTC Act, 15 U.S.C. §§ 53(b) and 57b, and pursuant to its own equitable powers:

1. Award plaintiff such preliminary injunctive and ancillary relief as may be necessary to avert the likelihood of consumer injury during the pendency of this action and to preserve the possibility of effective final relief, including but not limited to, temporary and preliminary injunctions and an order freezing each defendant's assets;

2. Permanently enjoin the defendants from violating the FTC Act and the Franchise Rule, as alleged herein, in connection with the offering and promotion of business ventures, distributorships, business opportunities and franchises;

3. Award such relief as the Court finds necessary to redress injury to consumers resulting from the defendants' violations of the FTC Act and the Franchise Rule, including but

11

not limited to, rescission of contracts, the refund of monies paid, and the disgorgement of ill-gotten monies; and

    4.    Award plaintiff the costs of bringing this action, as well as such other and additional relief as the Court may determine to be just and proper.

Respectfully Submitted,

Stephen Calkins
General Counsel

Richard A. Quaresima
Mona Sedky Spivack
Attorneys for the Plaintiff
Federal Trade Commission
Room 238
6th Street & Pennsylvania Avenue, N.W.
Washington. D.C. 20580
(202)326-3130; (202) 326-3143

12

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

97-2680
CIV-UNGARO-BENAGES
MAGISTRATE JUDGE
BANDSTRA

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS

Federal Trade Commission

## DEFENDANTS

Raymond Urso, Bernard Koenig, aka Bernie King, Marcia Koenig, David Bennett, Jeffrey Shoobs, Scott Gunn, aka Scott Goodson, aka Scott Gates, Susan Perkins, Bridgeport & Associates, Inc., Prestige Advertising, Inc., National Bureau of Better Business, Inc., and Maria K. Associates, Inc.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

ACTION AROSE IN DADE COUNTY
B-DADE/97CV2680-UUB-FEB

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Broward
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Richard Quaresima, Mona S. Spivack
Federal Trade Commission
6th Street & Pennslyvania Ave., NW
Washington, DC 20580
(202) 326-3130/3795

ATTORNEYS (IF KNOWN)

FILED BY CA
97 AUG 19 AM 9:
CARLOS JUENKE
CLERK U.S. DIST.
S.D. OF FLA.-MIA

## II. BASIS OF JURISDICTION (PLACE AN × IN ONE BOX ONLY)

- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only) (PLACE AN × IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

15 U.S.C. Section 45(a)
Franchise Rule, 16 C.F.R. Part 436

## V. NATURE OF SUIT (PLACE AN × IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug |  | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws |  | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | ☐ 640 R R & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
|  |  | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability |  | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** |  ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
|  |  |  | ☐ 865 RSI (405(g)) |  |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act |  | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 240 Torts to Land |  | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 540 Mandamus & Other |  |  |  |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights |  |  | ☒ 890 Other Statutory Actions |

B

## VI. ORIGIN (PLACE AN × IN ONE BOX ONLY)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

**DEMAND $**

Check YES only if demanded in complaint:
**JURY DEMAND:**  ☐ YES  ☒ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE  8/19/97

SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT